UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

PETER G. KATSOTIS

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　Docket No. 2:10-cv-02883-STA-cgc

FORD MOTOR COMPANY,

    Defendant.

---

## ORDER

---

    Before the Court, by way of Order of Reference for Determination (D.E. #38), is Plaintiff's June 24, 2011 Amended Motion to Add Dolores Katsotis as an Additional Party Plaintiff. (D.E. # 33). Defendant filed its Response on August 5, 2009 (D.E. # 37). Plaintiff, with leave of court, filed his Reply (D.E.# 45) on July 15, 2011 and Defendant's Sur-Reply (D.E.# 49) was filed, with leave of court, on July 25, 2011. A telephone hearing on the Amended Motion was held on July 26, 2011. Based on the briefs and attachments, argument of counsel and the record in this matter, the Court finds that no good cause exists to modify the Scheduling Order to permit the late addition of a party plaintiff.

    Plaintiff, Peter G. Katsotis, filed his Complaint against Ford Motor Company in April 5, 2010 in the Circuit Court of Shelby County, Tennessee. Mr. Katsotis' claims arise from damages sustained in a May 11, 2008 fire which he alleges resulted from "an electrical failure in the area behind the right headlight" of his 2007 Ford Mustang. Complaint ¶¶ 2, 4. Mr. Katsotis alleges claims for strict liability, strict liability – failure to warn, breach of express warranty,

breach of implied warranty of merchantability, products liability negligence and violation of the Magnuson-Moss Warranty Act. Complaint ¶¶ 5-37. On December 10, 2010, Ford filed its notice of removal based on diversity jurisdiction. (D.E.# 1) Although the Complaint sought "compensatory damages in an amount in excess of $50,000", Mr. Katsotis' supplemental responses to Ford indicated damages exceeding $183,800.00. Notice of Removal ¶ 3.

On February 18, 2011, the undersigned entered a scheduling order in this case setting April 29, 2011 as the date for the deadline for joining parties[1]. (D.E.# 14) Approximately two months after this deadline, Mr. Katsotis filed the instant motion in which he seeks to add his wife, Dolores Katsotis, as a party plaintiff[2]. Mr. Katsotis states that his Complaint alleges "property damage arising from a fire regarding property located at 260 Ashley Hall Court, Collierville, Tennessee (hereinafter "Subject Property")" and that it "recently" came to "the attention of Plaintiff's counsel that Dolores Katsotis is on the title to the Subject Property that was damaged by the fire." Memorandum in Support of Motion, D.E. # 34, p. 1. Based on this, Mr. Katsotis seeks to add Mrs. Katsotis as a party to the lawsuit since she has "an interest in the outcome of this litigation" and because that constitutes good cause to amend the complaint. *Id.* Mr. Katsotis also states that there will be no prejudice to Ford as there will be no need to take additional discovery and will not have to prepare a different defense. Memorandum in Support, p. 4. Mr. Katsotis did not attach a Proposed Amended Complaint.

In response, Ford asserts that it would be prejudiced by the addition of Mrs. Katsotis as she would bring new and distinct claims to the lawsuit from those made by Mr. Katsotis. Response, D.E. 37, p. 3. Specifically, Ford argues that, at all time relevant to the lawsuit, Mrs.

---

[1] An Amended Scheduling Order was entered by District Judge Anderson on June 1, 2011 modifying the dates for expert disclosure and other discovery events. D.E. #30  All other provisions of the Scheduling Order, including the deadline for joinder, remained in effect.

[2] Mr. Katsotis initially filed a Motion to Add Dolores Katsotis as an Additional Party Plaintiff on June 22, 2011. D.E.# 31. This motion was denied without prejudice to refile for failure to comply with Local Rule 7.2(a)(1)(B). D.E.# 32

Katsotis was (and is) the sole owner of the Subject Property and is the only person who can succeed on a claim for damages relating to the repair of the Subject Property. *Id.* Additionally, Ford states that Mrs. Katsotis testified in her June 30, 2011 deposition that she sustained personal injuries in the fire. Ford contends that adding Mrs Katsotis would prejudice them by exposing them to a personal injury claim of which the Complaint did not provide notice.

Plaintiff's Motion primarily implicates three Rules of Civil Procedure – Rules 6, 15 and 16. Fed. R. Civ. P. 15(a)(2) allows a party to amend its pleadings with leave of court. Fed. R. Civ. P. 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir.2002)[3] (quoting *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir.2001)). Fed. R. Civ. P. 6(b)(2) permits the court to extend the time to act (after the time to act has expired) upon a finding of good cause if the party failed to act because of excusable neglect. The Rule 6(b) excusable neglect standard requires the court to consider five factors: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its impact on the case, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the moving party acted in good faith despite the delay. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

Because Mr. Katsotis requests to amend the Complaint two months after the scheduling order deadline to join parties or amend pleadings, the court must evaluate the factors raised in Rules 6 and 16. The record clearly and unequivocally shows that Mr. Katsotis has not been

---

[3] Some Circuits end the inquiry once there is a finding that the movant was not diligent in following the scheduling order. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

diligent in attempting to meet his responsibilities under the Scheduling Order.  Of all people, he and Mrs. Katsotis were in the position to be the most knowledgeable about their respective ownership interests in the Subject Property.  The quit claim deed which divested Mr. Katsotis of "all right, title and interest in and to the [Subject Property]" was executed on April 28, 2006 – two years prior to the fire.  At the very least, Mr. Katsotis knew on or before the April 29, 2011 deadline for joinder that there would be some issue with regard to presenting a claim for damage to the Subject Property.  Any delay in filing this motion was entirely within the reasonable control of Mr. Katsotis.

Regarding the matter of prejudice, Ford will undoubtedly be prejudiced by the addition of Mrs. Katsotis' claim for the repairs to the home.  Nowhere in the body of the Complaint is the Subject Property even mentioned nor is it even mentioned that the fire occurred in the garage of the home as Mr. Katsotis belatedly mentions in his Reply.  Because Mr. Katsotis did not submit a proposed Amended Complaint with his Motion, neither the Court or Ford can know with certitude exactly what claims Mrs. Katsotis seeks to add.

Based on the foregoing, Plaintiff's Motion is hereby **DENIED.**

IT IS SO ORDERED this 5th day of August, 2011.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
United States Magistrate Judge

4