IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PETER G. KATSOTIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-2883-STA-cgc |
| ) | |
| FORD MOTOR COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER AND ORDER GRANTING LEAVE TO AMEND**

Before the Court are Plaintiff Peter G. Katsotis' Objections to the Magistrate Judge's Order (D.E. # 56) filed on August 19, 2011. Pursuant to the Court's Order of Reference, the United States Magistrate Judge issued an Order Denying Plaintiff's Motion to Add a Party (D.E. # 55) on August 5, 2011. Plaintiff filed timely objections to the Magistrate Judge's order, and Defendant has filed a response in opposition. For the reasons set forth below, Plaintiff's Objections to the Magistrate Judge's Order are **OVERRULED**. However, Plaintiff's Motion to Amend is **GRANTED**.

## BACKGROUND

Plaintiff Peter G. Katsotis filed his Complaint against Defendant Ford Motor Company on April 5, 2010, in the Circuit Court of Shelby County, Tennessee. Plaintiff's claims arise from damages sustained in a May 11, 2008 fire, which Plaintiff alleges resulted from "an electrical failure in the area behind the right headlight" of his 2007 Ford Mustang. Compl. ¶¶ 2, 4. Plaintiff has alleged that Defendant is liable under strict liability, strict liability– failure to warn, breach of express

1

warrant, breach of implied warranty of merchantability, products liability negligence, and violation of the Magnuson-Moss Warranty Act. *Id.* at ¶¶ 5-37. On December 10, 2010, Defendant filed a Notice of Removal (D.E.# 1) based on diversity jurisdiction. According to the Notice of Removal, Defendant received discovery responses from Plaintiff, indicating for the first time that the amount in controversy in this case exceeded $75,000. Although the Complaint sought "compensatory damages in an amount in excess of $50,000," Plaintiff's discovery responses indicated damages exceeding $183,800.00, including property damage to Plaintiff's residence. Notice of Removal ¶ 3. Following removal, the Magistrate Judge entered a scheduling order that established April 29, 2011, as the deadline for amending the pleadings and joining parties.

On June 24, 2011, Plaintiff filed a Motion to Add Dolores Katsotis as an Additional Party (D.E. # 33), which the Court referred to the Magistrate Judge for determination. Plaintiff sought to add his wife as a party-plaintiff in this matter because the couple's home is titled in Mrs. Katsotis' name only. Following extensive briefing from the parties and a telephonic hearing, the Magistrate Judge denied Plaintiff's Motion. The Magistrate Judge concluded that Plaintiff had failed to show good cause for his late attempt to join a new party. First, the Magistrate Judge found that Plaintiff had not acted diligently to join his wife as a party in this case. Plaintiff waited to file his motion until two months after the deadline to join new parties or amend the pleadings. And yet Plaintiff and his spouse were in the best position to know that Plaintiff's name no longer appeared on the title of their marital home; Plaintiff had quitclaimed his interest in the property two years before the fire occurred. Second, the Magistrate Judge determined that Defendant would suffer prejudice if the claims for damage to the home were added. The initial Complaint never referred to the home or the fact that the fire damaged the home. Plaintiff also failed to propose an amended complaint in his

2

briefing, leaving the Court and Defendant to speculate about the claims Mrs. Katsotis sought to add. Therefore, the Magistrate Judge denied Plaintiff's Motion.

Plaintiff filed timely Objections to the Magistrate Judge's order and, for the first time, a proposed amended complaint. Plaintiff argues that the Magistrate Judge's decision was clearly erroneous because the Magistrate Judge failed to consider Rule 17(a)(3). According to Plaintiff, that rule precludes the Court from dismissing an action for failure to prosecute in the name of the real party in interest. Plaintiff contends that Rule 17(a)(3) permits substitution of the real party in interest "[r]egardless of when a potential party finds out they are the real party in interest." Plaintiff emphasizes that Defendant was already on notice of the claims for damage to the home and of Mrs. Katsotis's interest in the home. Thus, the Court should permit Mrs. Katsotis to be added as the real party in interest for these claims. Plaintiff further argues that the claims to be brought in the name of Mrs. Katsotis should relate back to the original filing under Rule 15(c). Finally, Plaintiff asserts that the Magistrate Judge erred in applying Rule 16 and finding that Plaintiff had not shown good cause. Plaintiff argues the fact that his name does not appear on the title should not prevent him from recovering for damages to the home. Plaintiff has lived in the home with his wife and family for years. There is also no reason to conclude that Defendant will be prejudiced by the addition of Mrs. Katsotis as a party. As previously discussed, Defendant has been on notice of the claim for damage to the residence for some time. Defendant has even sought discovery about these claims, including the opportunity to depose Mrs. Katsotis. Taken together with the fact that Plaintiff has now proposed an amended complaint, Plaintiff argues that Defendant cannot show prejudice. Therefore, the Court should reverse the Magistrate Judge's order and permit Plaintiff to add Mrs. Katsotis as a party in this action.

Defendant has filed a response in opposition to Plaintiff's Objections, maintaining that the Magistrate Judge did not err. Defendant argues that the Magistrate Judge correctly treated Rule 16's good cause standard as the threshold question. Likewise, the Magistrate Judge properly focused her analysis on Plaintiff's diligence in meeting the case management deadlines and the potential prejudice to Defendant. Defendant argues that the Magistrate Judge's factual findings about Plaintiff's lack of diligence and the prejudicial effects of adding Mrs. Katsotis were not clearly erroneous. Defendant admits that "Plaintiff produced two separate documents plainly indicating that Mrs. Katsotis was the sole owner of the Subject Property on three separate occasions prior to the deadline for joining parties." Defendant also submits that the Magistrate Judge correctly found that Defendant would be prejudiced by adding Mrs. Katsotis because it was not clear what Mrs. Katsotis's additional claims would be. Therefore, the Court should affirm the Magistrate Judge's order.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or contrary to law" standard of review to orders on "nondispositive" preliminary matters and de novo review to reports and recommendations on dispositive matters.[1] In order to determine whether a motion is dispositive or nondispositive for purposes of section 636(b), the Sixth Circuit engages in a "functional analysis of the motion's potential effect on litigation."[2] Any motion that is "functionally

---

[1] *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). *See also* 28 U.S.C. § 636(b)(1).

[2] *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 515 (6th Cir. 2001).

equivalent" to the dispositive motions listed section § 636(b)(1)(A) receives de novo review.[3] In this instance, the Court's order of reference authorized the Magistrate Judge to make a determination of Plaintiff's Motion, and not a report and recommendation. Perhaps for this reason, both parties have assumed in their briefs that Plaintiff's Motion was a non-dispositive matter and, therefore, the clearly erroneous standard would apply. For the reasons explained below, the Court need not reach this issue to resolve Plaintiff's Objections.

Fed. R. Civ. P. 72(a) states that a district judge "shall consider" objections to a magistrate judge's order on a non-dispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."[4] "When examining legal conclusions under the 'contrary to law' standard, the Court may overturn 'any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent."[5]

## ANALYSIS

Assuming that Plaintiff's Motion was a non-dispositive matter, the Court finds that the Magistrate Judge's order was not clearly erroneous or contrary to law. Rule 16(b) specifies that the case management schedule "must limit the time to join other parties, amend the pleadings, complete

---

[3] *Id.*

[4] Fed. R. Civ. P. 72(a); *Bell v. Int'l Broth. of Teamsters*, No. 96-3219, 1997 WL 103320, at *4 (6th Cir. Mar. 6, 1997).

[5] *Doe v. Aramark Educational Resources, Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994)). *See also* 32 Am. Jur. 2d *Federal Courts* § 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure").

discovery, and file motions."[6] Rule 16(b) further provides that "[a] schedule may be modified only for good cause and with the judge's consent." In this case, the deadline for joining other parties and amending pleadings was April 29, 2011. Plaintiff filed his initial Motion to Add Mrs. Katsotis as a party on June 22, 2011, and his re-filed Motion two days later.[7] The Magistrate Judge correctly analyzed Plaintiff's Motion under Rule 16(b)'s good cause standard. Based on the record before the Magistrate Judge, it was not clearly erroneous to find that Plaintiff had not acted diligently to join his wife as a party or amend the pleadings. Obviously, Plaintiff and his wife were well aware that only Mrs. Katsotis held title to their home and was the proper party to bring claims for damages to that property. Furthermore, it was not contrary to law to hold that Plaintiff's delay would prejudice Defendant. The Magistrate Judge correctly observed that even after the extensive briefing of Plaintiff's Motion, neither the Court nor Defendant had notice of the exact claims Mrs. Katsotis would seek to add should Plaintiff's Motion be granted. Under the circumstances, the Magistrate Judge's order was not clearly erroneous or contrary to law.

     Nevertheless, the Court now finds good cause to permit Plaintiff to add Mrs. Katsotis as a named plaintiff in this matter. Even though Plaintiff failed to submit a proposed amended complaint to the Magistrate Judge, Plaintiff cured this defect and proposed amended pleadings that are virtually identical to the initial pleadings. Plaintiff has simply added his spouse as a party-plaintiff. Plaintiff has not sought to add previously undisclosed claims, either on his wife's behalf or on his own. Plaintiff's briefs are emphatic that he seeks to add his wife as a party only so that she might assert

---

[6] Fed. R. Civ. P. 16(b)(3)(A).

[7] Plaintiff's initial motion was denied without prejudice for failure to comply with the Local Rules of Court.

claims for property damage to the marital home.[8]  Based on this concession, the Court is hard-pressed to find that Defendant will be prejudiced if Plaintiff is permitted to add his spouse.  The Magistrate Judge also rightly pointed out that Plaintiff's initial pleadings never refer to property damage to the home.  However, Defendant admits that it had notice of these claims long before Plaintiff filed his Motion to Add.[9]  On December 10, 2010, Defendant filed a Notice of Removal based on Plaintiff's disclosures about the pre-incident value of Plaintiff's residence, damages that pushed the amount in controversy in this case well-beyond the $75,000 threshold for diversity jurisdiction.[10]  In its brief in opposition to Plaintiff's Objections, Defendant acknowledges that Plaintiff had on three occasions prior to filing his Motion to Add produced discovery indicating that Mrs. Katsotis was the sole owner of the marital home.  Because Defendant has had notice all along of the claims for damage to the home and Plaintiff has now conceded that he is not attempting to expand the scope of relief he seeks in an amended complaint, the Court finds that Defendant will not be prejudiced if Plaintiff is permitted to amend his amended complaint.  Under these changed circumstances, denying Plaintiff leave to add his wife would elevate form over substance.  Therefore, the Court will grant Plaintiff leave to amend.

The Court would stress that this ruling limits any claims brought by Mrs. Katsotis to recovery of property damages to the home.  The Magistrate Judge correctly determined that permitting

---

[8] The parties assume without directly addressing that Plaintiff will not have standing to assert the claims for damages to the marital home.  *See Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002) (holding that plaintiff that did not suffer injury-in-fact lacked standing to bring suit and by extension could not move to substitute real party in interest).

[9] Assuming that the pleadings did not put Defendant on notice of Plaintiff's claim for property damages, Defendant has never challenged the sufficiency of the complaint.

[10] Notice of Removal, ex. B.

7

Plaintiff to assert additional claims on Mrs. Katsotis's behalf would be prejudicial to Defendant. Therefore, Plaintiff is granted leave to file his proposed amended complaint. Plaintiff should file his amended pleadings as a separate docket entry within five (5) days of the entry of this Order.

## CONCLUSION

The Magistrate Judge's order was not clearly erroneous or contrary to law. Based on the record before the Magistrate Judge, Plaintiff failed to show good cause for his late Motion to Add his wife as a party to this suit. The Magistrate Judge's finding that Plaintiff did not act diligently was not clearly erroneous, nor was the Magistrate Judge's conclusion that Defendant would suffer prejudice contrary to law. For these reasons, Plaintiff's legal objections to the Magistrate Judge's order are **OVERRULED**.

In light of the fact that Plaintiff has now proposed an amended complaint and conceded that he is not adding new claims against Defendant, the Court finds that Defendant will not be prejudiced by adding Mrs. Katsotis as a party-plaintiff. The Court emphasizes that Mrs. Katsotis is being added strictly for the purpose of bringing the claims for property damage to the couple's family home. Therefore, Plaintiff is granted leave to file his proposed amended complaint.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: December 12th, 2011.